Submitted on appellant's brief February 17, affirmed February 25, petition for rehearing denied March 21, petition for review denied April 25, 1972

STATE OF OREGON, *Respondent, v.* DANIEL MICHAEL PATZER (No. 73010, No. 73011), *Appellant.*

493 P2d 1389

Gary D. Babcock, Public Defender, and F. E. Glenn, Deputy Public Defender, Salem, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

The defendant was found guilty by a 10-2 jury verdict of two counts of negligent homicide. ORS 163.091. He was sentenced to be imprisoned for not to exceed three years on each count, the sentences to run concurrently. Three years is the maximum sentence authorized by ORS 163.091.

On appeal the defendant contends that it was improper for the trial judge to consider the deterrent effect on others in determining the sentences to be imposed upon the defendant. In his argument he says:

"* * * In considering the deterrent effect on others, the trial court displayed improper motive in that deterrence is more like vindictive justice rather than reformation or rehabilitation of the defendant."

Deterrent effect on others has long been a relevant consideration in imposing sentence. Oregon's new Criminal Code contains this criterion. Oregon Laws 1971, ch 743, section 2(1)(a) provides:

"(1) The general purposes of the provisions of this Act are:

"(a) To ensure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the correction and rehabilitation of those convicted, and their confinement when required in the interests of public protection."

The trial court's comments from the bench eloquently disclose that the sentence imposed was not based on vindictiveness:

"* * * Well, Mr. Patzer, there hasn't been a

day gone by, I don't think, since the day that the jury arrived at the verdict in this case finding you guilty of these two charges of negligent homicide, that I haven't thought about this moment that I was going to have to face in your case * * *.

"* * * * *

"I have to weigh on the scales in my mind in imposing a sentence today your rehabilitation, as I am directed to under the constitution of this state, which reminds me that the punishment in a criminal case is not for vindictive justice but for rehabilitation of the defendant. I must weigh that on the one hand with the responsibility which I feel to the community, on the other hand, and for such deterrent as a sentence in this case might be to other people who engage in the thoughtless act of drinking and driving.

"As I say, I have not had a day go by since you were convicted that I have not worried about imposing a sentence. I have done everything in my power to keep my mind free and clear and open * * *.

"I will further order and direct that the sentence be served in the Oregon Correctional Institution rather than the Oregon State Penitentiary. I shall follow this sentence up with a request to the Board of Corrections that you receive early consideration for parole and work release, which I'm sure, with your prior record and your attitude, you will shortly receive. I'm sorry that I find it necessary to take this drastic step, but I do it realizing the consequences of what I have done."

The defendant's contention that a unanimous jury verdict is required to convict has been decided to the contrary by *State v. Gann*, 254 Or 549, 463 P2d 570 (1969).

Affirmed.